# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERIHU HADERA FKADU,<br>Inmate No. 2073534,<br><br>                                Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY, et al.,<br><br>                                Defendants. | Civil No.   09cv2072 DMS (AJB)<br><br>**ORDER:**<br><br>**(1)  DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g);**<br><br>**(2) DISMISSING ACTION FOR FAILING TO PAY THE FILING FEE REQUIRED BY 28 U.S.C. § 1914(a); AND**<br><br>**(3) DENYING MOTION FOR APPOINTMENT OF COUNSEL AS MOOT**<br><br>**[Doc. Nos. 2, 4]** |

Plaintiff, currently incarcerated at Napa State Hospital located in Napa, California, and proceeding pro se, has filed a civil action. Plaintiff has not prepaid the $250 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4], along with a Motion for Appointment of Counsel [Doc. No. 2].

**I.      Motion to Proceed IFP**

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.* The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim." *Andrews*, 398 F.3d at 1116 n.1. Thus, once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other action IFP in federal court unless he is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, *Andrews*, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." *Id.* at 1121.

The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure

1  12(b)(6).'" *Id.* at 1121 (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). *Andrews* further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis in either law or in fact .... [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews*, 398 F.3d at 1121 (quotation and citation omitted).

## II.  Application of 28 U.S.C. § 1915(g)

The Court notes as an initial matter that Plaintiff has alleged no facts to show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Rodriguez*, 169 F.3d at 1178; *see also Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (finding that "allegations that the prisoner faced imminent danger in the past" are insufficient to trigger section 1915(g)'s imminent and serious physical injury exception). Thus, regardless of Plaintiff's financial status, he may not proceed IFP pursuant to 28 U.S.C. § 1915 if he has, on three prior occasions while incarcerated, had federal civil actions or appeals dismissed as frivolous or malicious or for failing to state a claim. *See* 28 U.S.C. § 1915(g); *Andrews*, 398 F.3d at 1119-20; *Rodriguez*, 169 F.3d at 1178.

A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Here, the Court takes judicial notice that Plaintiff has had at least three prior prisoner civil actions dismissed in both the Southern and Central Districts of California on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. *See Fkadu v. State of California,* S.D. Cal. Civil Case No. 04-2065 WQH (POR) (Jan. 4, 2005 Order Denying IFP and Dismissing Complaint sua sponte as frivolous per 28 U.S.C. § 1915A(b)(1) [Doc. No. 3]) (strike one); *Fkadu*

1  *v. Cal. Dept. of Corrections*, S.D. Cal. Civil Case No. 04-2173 JM (NLS) (Jan. 3, 2005 Order
2  Denying IFP and Dismissing Complaint sua sponte as frivolous per 28 U.S.C. § 1915A(b)(1)
3  [Doc. No. 6]) (strike two); *Fkadu v. Luna*, C.D. Civil Case No. 06-0323 SH (Feb. 13, 2006 Order
4  Denying IFP and Dismissing Complaint as legally and/or factually patently frivolous) (strike
5  three); *Fkadu v. The State of California*, C.D. Cal. Civil Case No. 07-1066 SH (Oct. 1, 2007
6  Order Denying IFP and Dismissing Complaint as legally and/or factually patently frivolous)
7  (strike four); and *Fkadu v. The State of California*, C.D. Cal. Civil Case No. 08cv-0256 SH (Jan.
8  30, 2008 Order Denying IFP and Dismissing Complaint as legally and/or factually patently
9  frivolous) (strike five).

10  Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes"
11  pursuant to § 1915(g), and does not presently allege facts sufficient to show that he is under
12  imminent danger of serious physical injury, the Court **DENIES** Plaintiff's Motion to Proceed
13  IFP [Doc. No. 4]. *See Andrews*, 398 F.3d at 1121; *Rodriguez*, 167 F.3d at 1178.

14  ¶III. **Conclusion and Order**

15  For the reasons set forth above, the Court hereby **DENIES** Plaintiff's Motion to Proceed
16  IFP pursuant to 28 U.S.C. § 1915(g) [Doc. No. 4] and **DISMISSES** the case without prejudice
17  for failure to pay the full $350 civil filing fee required by 28 U.S.C. § 1914(a). Additionally,
18  Plaintiff's Motion for Appointment of Counsel [Doc. No. 2] is **DENIED** as moot.

19  Further, this Court **CERTIFIES** that any IFP appeal from this Order would not be taken
20  "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S.
21  438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is
22  permitted to proceed IFP on appeal only if appeal would not be frivolous).

23  The Clerk shall close the file.

24  **IT IS SO ORDERED.**

25  DATED: October 20, 2009

26

27  _____
    HON. DANA M. SABRAW
    United States District Judge

28